

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CAROLYN C WHITTINGTON | **Case Number: 10SL-CC02405** |
| Plaintiff/Petitioner:<br>LUTHER STANLEY<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MICHEAL T BLOTEVOGEL<br>300 EVANS AVENUE<br>P O BOX 229<br>WOOD RIVER, IL 62095 |
| Defendant/Respondent:<br>COTTRELL INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
## (Except Attachment Action)

**The State of Missouri to: COTTRELL INC**
**Alias:**

**2125 CANDLER**
**GAINESVILLE, GA 30503**

**SERVE: MARK WRIGHT**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

28-JUN-2010
Date

Clerk

Further Information:
JDG

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is Deputy Sheriff of Hall County, GA (state).
3. I have served the above summons by: (check one)
   - [X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ________, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to ________ (name) ________ (title).
   - [ ] other (describe) ________.

Served at ________ (address)
in ________ County, ________ (state), on 7-14-10 (date) at 1416 (time).

Steve Bowen
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ______ (day) ______ (month) ______ (year)

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

*(Seal)*

Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $ ______ |
| Non Est | $ ______ |
| Mileage | $ ______ (______ miles @ $ ____ per mile) |
| **Total** | $ ______ |

**See the following page for directions to clerk and to officer making return on service of summo**

**EXHIBIT**
A

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the partes. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

2010 JUN 17 AM 9:40
JOAN M. GILMER
CIRCUIT CLERK

LUTHER STANLEY,

Plaintiff,

vs.

COTTRELL, INC.

Defendant.

Served at:
Cottrell, Inc.
c/o Mark Wright
2125 Candler
Gainesville, GA 30503

Case No: 10SL-CC02405

7

**PETITION**

**Allegations Common To All Counts**

A. That the defendant, Cottrell, Inc. ("Cottrell") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located in the City of Gainesville, and doing business in the State of Missouri. Cottrell regularly does business with Cassens Transport Company ("CTC"), Jack Cooper Transport Co. ("JCT"), Allied Systems, Ltd. ("Allied") and Cassens Corporation ("CC") in Missouri. On all dates herein it is believed plaintiff was using a Cottrell rig which can be verified and/or further identification and information can be supplied by Allied.

B. That the plaintiff, Luther Stanley, was, at all times relevant hereto an employee of Allied stationed at its Wentzville, Missouri terminal. Plaintiff's injury occurred in Missouri.

C. That the trailer in question is believed to be Allied fleet number: 4712 (trailer) and 62412 (tractor).

**COUNT I**
**(Strict Liability)**

COMES NOW the plaintiff, Luther Stanley, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

1. That on or about September 26, 2008 plaintiff, Luther Stanley, was performing his normal work duties as a car hauler in Missouri.

2. At that time and place, plaintiff was operating a truck, trailer with head rack ("rig") believed to have been manufactured by the defendant, Cottrell. Pursuant to his duties, plaintiff was injured while maneuvering on the upper deck of the rig while in the performance of his duties.

3. That at all times relevant herein, the aforesaid rig was in substantially the same condition as when the rig left the control of defendant. Any modifications or alternations did not result in a substantial change or, alternatively, were foreseeable or expected.

4. That defendant placed the aforesaid rig into the stream of commerce for profit or other benefit as part of its regular business activity for ultimate use in this State.

5. That at the time of its manufacture and at all times mentioned herein, the aforementioned rig was defective and not reasonably safe in one or more of the following respects, to-wit:

(a) the rig was not equipped with reasonably safe ladders, footing, walkways, traction and/or hand holds;

(b) the warning(s) or instructions posted on the rig, if existent, failed to sufficiently warn plaintiff and others similarly situated of one or more of the above defects;

(c) the warnings or instructions supplied with the rig, if existent, failed to sufficiently warn plaintiff and others similarly situated of the defective and/or unreasonably dangerous nature of the rigs.

6. That as a direct and proximate result of the aforesaid, plaintiff, while attempting to maneuver on the upper deck of the rig he was assigned and driving in the course of his duties as a truck driver, sustained severe and permanent injuries when he fell from the top of the rig. Plaintiff has suffered and will continue to suffer pain and mental anguish; plaintiff's injuries are to his left lower extremity and related areas. Plaintiff's injuries are disfiguring and are permanent in nature; plaintiff has been required to expend large sums of money in order to obtain medical treatment for his injuries and will be required to expend additional sums in the future; plaintiff has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future; plaintiff has sustained wage loss and has been damaged in his capacity to earn wages in the future; plaintiff's condition is such that he may be forced to expend sums of money for vocational rehabilitation and/or convalescent care. Plaintiff may be forced to retire early from his career as a carhauler. Based on the above, plaintiff requests damages which will fairly and reasonably compensate the plaintiff for his injuries suffered and damages incurred.

WHEREFORE, plaintiff prays for Judgment against defendant, Cottrell, for a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00), and for costs of this suit.

**COUNT II**
**(Negligence)**

COMES NOW the plaintiff, Luther Stanley, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

1-4. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-4 of Count I as Paragraphs 1-4 of this Count.

5. That based upon the foregoing, the defendant owed a duty to plaintiff and others similarly situated to design, test and manufacture rigs with due care for the safety of plaintiff and others similarly situated.

6. That in violation of the aforesaid duty, the defendant committed one or more of the following negligent acts or omissions, to-wit:

(a) failed to access, review and/or analyze injury and testing data available to it including, but not limited to, data from Cassens Transport Company, Cassens Corporation, Cassens & Sons, Inc., NATA, Campbell Chain Company, CFR, Jack Cooper Transport Company, Chrysler Corporation, General Motors Corporation, patents, Leaseway, Laurie Wolf, Nigel Ellis, Anchor Motor Freight, Robert Carr, Ryder/Delavan, Colin Drury, James Miller and Liberty Mutual;

(b) failed to adequately test its rig to ascertain whether the ladders, walkways, handholds and traction on the rig were reasonably safe for use during the foreseeable and/or intended use of the rig;

(c) failed to redesign the rig when defendant Cottrell knew or should have known that the rigs were causing excessive numbers of injuries to users;

(d) failed to supply its rig with adequate ladders, walkways, traction and/or handrails;

(e) failed to equip its rigs with proper footing, traction and/or handholds in disregard of OSHA standards, ANSI standards, CFR provisions and/or industry standards;

(f) failed to redesign the rig when it knew or should have known of the number of injuries caused by normal use of the products;

(g) failed to impress upon others in the industry the need to redesign the rigs notwithstanding its position on committees created for such purposes, including GM committees.

7. Plaintiff repeats, realleges and incorporates herein by reference Paragraph 6 of Count I as Paragraph 7 of this Count.

WHEREFORE, the Plaintiff prays for Judgment against the Defendant, Cottrell, for a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) and for costs of this suit.

**COUNT III**
**(Warranty)**

COMES NOW the plaintiff, Luther Stanley, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

1-4. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-4 of Count I as Paragraphs 1-4 of this Count.

5. That at all times relevant hereto, defendant Cottrell impliedly warranted that the rig in question was reasonably safe for their intended and/or foreseeable uses.

6. That in breach of the aforesaid implied warranty, defendant Cottrell placed into the stream of commerce a rig which contained one or more of the following unreasonably dangerous conditions, to-wit:

(a) the rig was not equipped with a reasonably safe ladders, footing, walkways, traction, and/or hand holds;

(b) the warning(s) or instructions posted on the rig, if existent, failed to sufficiently warn plaintiff and others similarly situated of one or more of the above defects;

(c) the warnings or instructions supplied with the rig, if existent, failed to sufficiently warn plaintiff and others similarly situated of the defective and/or unreasonably dangerous nature of the rigs.

7. Plaintiff repeats, realleges and incorporates herein by reference Paragraph 6 of Count I as Paragraph 7 of this Count.

WHEREFORE, plaintiff prays for Judgment against the Defendant, Cottrell, for a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) and for costs of suit.

**COUNT IV**
**(Outrage)**

COMES NOW the plaintiff, Luther Stanley, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

1-6. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-6 of Count I as Paragraphs 1-6 of this Count.

7-9. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 5-7 of Count II as Paragraphs 7-9 of this Count.

10-12. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 5-7 of Count III as Paragraphs 10-12 of this Count.

13. That at all times relevant hereto defendant was aware that there was a need to redesign the rigs. Defendant was aware that slips and falls from the trailers were reported to be a big problem in the industry. Defendant was further aware that the industry has a high driver injury rate and is labor intensive. Defendant was further aware that trailers used in other countries and in the USA were equipped with safer designs allowing for upper deck safety handrails. Defendant was further aware that the industry treated injuries, including the loss of highly skilled drivers, as a minor cost of doing business. Defendant was further aware that in 1979 there was reported 2,549 slip and fall injuries. Defendant was also aware that in 1968 Liberty Mutual recommended the use of traction grating surfaces and handrails. Defendant was also aware that University professors and engineers reported the need to add traction and/or handrails. Defendant was also aware that Ryder's ACD reported hundreds of similar injuries in 1990.

14. That defendant was aware of the above reports, studies, recommendations and experts but suppressed such information and withheld such reports, studies, suggestions, recommendations and data from its customers, from its employees and from those who, like plaintiff, were expected to use defendant's trailers. Defendant not only suppressed and withheld such information but also engaged in a practice of denying ever having knowledge of such and even executed one or more agreements to keep the data secret. Defendant further destroyed documents which set forth such data and shipped the data to others so it could continue denying possession of such. Defendant further retained one or more attorneys to enable it to assert privileges over knowledge of such data to avoid admission of such knowledge.

15. That notwithstanding all of the above the Defendant continued supplying, manufacturing and placing into the stream of commerce the rig in question and similar rigs with the above described defects thereon.

16. That the defendant acted in conscious disregard for the safety of users of the rigs and thereby continued in the placing of profits above safety so it could continue to reap profits with little or no regard for the safety of users of defendant's products.

WHEREFORE, the plaintiffs pray for Judgments in their favor and against the defendant for an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) in compensatory damages and for an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) in punitive damages and for costs of this suit.

**PLAINTIFF PRAYS FOR TRIAL BY JURY OF TWELVE ON ALL COUNTS**

Respectfully submitted,

ARMBRUSTER, DRIPPS, WINTERSCHEIDT
& BLOTEVOGEL, LLC

By /s/ Michael Blotevogel
Charles W. Armbruster, III #40027
Michael T. Blotevogel #55030
P.O. Box 8338
219 Piasa Street
Alton, IL 62002
(800) 917-1529
fax (800) 927-1529

Brian M. Wendler #39151
900 Hillsboro, Suite 10
Edwardsville, IL 62025
(618) 692-0011
(618) 692-0022

***Attorneys for Plaintiffs***