**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LUTHER STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:10-cv-01505 HEA |
| ) | |
| COTTRELL, INC. ) | (Removed from the Circuit Court |
| ) | for the County of St. Louis, |
| Defendant. ) | State of Missouri, |
| ) | Case No. 10 SL-0002405) |

## PROTECTIVE ORDER

In this case, plaintiff has sought discovery documents which Cottrell has shown to the Court, via affidavit, to contain confidential and trade secret materials, as contemplated by Fed.R.Civ.P 26:

1. Trade-secret specifications for equipment designed/manufactured by Cottrell;

2. Blueprints and design drawings for equipment designed/manufactured by Cottrell;

3. Purchase Orders (if any), sales records, and invoices for the rig at issue;

4. Confidential pricing information for equipment sold by Cottrell to its customers, as well as pricing information for components Cottrell purchased from its vendors for use in manufacturing its equipment; and

5. Testing information for equipment designed and manufactured by Cottrell.

Hereinafter, these materials will be referred to as the "subject materials." Due to

the confidential, proprietary, and otherwise sensitive nature of the subject materials, and the potential harm to Cottrell's business if the subject materials were permitted in the public domain, the Court hereby enters a Protective Order limiting disclosure of the subject materials. Therefore, pursuant to the Federal Rules of Civil Procedure, the Court HEREBY ORDERS:

    1. Cottrell shall stamp the subject materials "Confidential."

    2. The subject materials shall not be given, shown, made available, discussed, summarized or communicated to any person except (i) the parties and counsel of record for the parties, and, where appropriate, attorney support staff; (ii) experts retained to assist counsel for the parties; (iii) the officer taking or reporting the deposition and employees of such reporter to the extent necessary to prepare the transcript of the deposition; and (iv) the Court and persons associated with or employed by the Court whose duties require access to the information. Such disclosure to experts retained to assist counsel for the parties shall not be made without first securing execution by such person of a written Non-Disclosure Agreement in the form of Exhibit "A" to this Order.

    3. The contents of the subject materials shall not be used for any purpose other than the prosecution or defense of the above-styled litigation and shall not be discussed with, or disclosed to, any person except as specifically authorized by this Order.

    4. The parties shall take all steps reasonably necessary to ensure that no

person shall use, disclose or record the subject materials protected by this Order for any purpose other than those permitted by this Order.

     5. Within sixty (60) days after the conclusion of contested proceedings between any of the parties by mandate following an appeal, judgment if no appeal is taken, settlement, or otherwise, all originals and reproductions of the subject materials, or portions thereof, shall either be returned to Cottrell or, if Cottrell agrees, destroyed by the receiving party and a certification in writing sent to Cottrell stating that such documents have been destroyed. For purposes of Missouri Rule 4-1.15, the Court hereby orders that such documents labeled "Confidential" shall not be part of the "client's file" subject to the 10-year requirement. This Order shall continue to be binding after the conclusion of this Litigation, except that a party may seek the written permission of Cottrell or further order of the Court with respect to dissolution or modification of such Protective Order.

     6. Upon the conclusion of this Litigation and either (i) the expiration of the time to file a notice of appeal, if no appeal is filed, or (ii) if an appeal was filed, the filing of the mandate or final order from the Court of Appeals if the case is not reopened as a result of the terms of the mandate or order, any copies of the subject materials filed under seal with the Court shall be returned to Cottrell, provided that if Cottrell fails to remove the copies after notice, they shall be destroyed to the extent allowed under the Federal Rules of Civil Procedure and the local rules of this Court.

     7. In the event that a party wishes to use the subject materials in any affidavit,

declaration, exhibit, memoranda of law, or other paper of document to be filed with the Court in this Litigation, the party must file an application with the Court in chambers requesting permission to file the subject materials under seal along with a proposed order granting the application.

8. The Clerk of this Court is directed to maintain under seal all information including, but not limited to, transcripts, exhibits, documents, objects, materials and papers filed with the Court in this Litigation which have been designated, in whole or in part, to be filed under seal by Order of the Court. To assist the Clerk, any document or object with respect to which the Court has granted permission to be filed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains documents which were filed in this case by [name of party] and is not to be opened nor the contents hereof to be displayed or revealed except by order or under direction of the Court.

9. Nothing in this Protective Order shall prevent a party from using the subject materials at a trial or hearing. However, the manner in which the subject materials are to be disclosed at a trial or hearing will be determined by the Court or by agreement of

the parties.

10. All parties reserve the right to petition this Court or any other proper court for appropriate relief should there be cause to believe that a violation of this Order has occurred or is about to occur, if any data was improperly classified as protected material, if this order is in need of modification, or if any document has lost its confidential status. The parties, however, must first attempt to resolve any dispute on an informal basis before presenting same to the Court by motion or otherwise pursuant to the local rules. Nothing herein is to be deemed a shifting of the burdens of proof otherwise applicable.

Counsel and all parties to this action are hereby bound by the terms of this Order.

SO ORDERED this 18th day of October, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE