UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUTHER STANLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10CV1505 HEA |
| COTTRELL, INC., | ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cottrell, Inc.'s ("Defendant") Combined Motion to Bar Testimony of Gerald Micklow under Daubert and Alternative Ground for Summary Judgment. [Doc. No. 40]. Plaintiff Luther Stanley ("Plaintiff") opposed the motion , and Defendant replied.

**Factual Background[1]**

Dr. Gerald Micklow is a professor at East Carolina University, holding a Ph.D in mechanical engineering and a M.S. in aerospace engineering. According to his C.V., he specializes in thermodynamics, computational fluid dynamics, gas turbine engines, compressible gas dynamics, jet and rocket propulsion, combustion, hydraulic systems, turbomachinery, internal combustion engineers, external aerodynamics, dynamics, mechanics of materials, and non-destructive

---

[1] These facts are drawn from E.C.F. # 40, 60, and 70, and attached exhibits.

testing. He has worked for a variety of employers, many in the aerospace industry, including NASA and Tracor Aerospace . He has also consulted for a variety of law firms. He has extensive research experience, and published many papers on advanced engineering topics such as aerodymanics and propulsion.  Dr. Micklow lists two publications on fall protection, which he states are reports he has completed for law firms in connection with his work as an expert witness. He created a "concept" of a fall protection system in connection with expert witness work, which he then destroyed because he thought the car hauler cases were gone.

## Discussion

A federal court sitting in diversity applies federal procedural law. *Great Plains Trust Company v. Union Pacific Railroad*, 492 F.3d 986, 995 (8th Cir. 2007). Accordingly, federal law governs the admissibility of expert witness testimony. *US Salt, Inc., v. Broken Arrow, Inc.* 563 F.3d 687, 691 (8th Cir. 2009). Admissibility is dictated by Federal Rule of Evidence 702[2], which provides :

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to

---

[2] These rules were revised in 2011, but the changes were not substantive, as indicated in the following language from the Editor's Notes : "The language of Rule 702 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility."

> understand the evidence to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, a trial judge acts as a "gatekeeper", screening evidence for reliability and relevance. *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008), *Daubert*, 509 U.S. at 592-93. The reliability standard is established by Rule 702's requirement that an expert's testimony be grounded in science's methods and procedures, while the relevance standard is established by the Rule's requirement that the testimony assist the trier of fact to understand the evidence or to determine a fact in issue. *Daubert*, 509 U.S. at 590-91. 119 S. Ct. 1167, 143 L. Ed. 2D 238 (1999). This gatekeeping responsibility extends to all expert testimony, not just scientific testimony. *Kumho Tire*, 526 U.S. at 141. A district court should apply a three-part test when screening testimony under Rule 702.

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Polski,* 538 F.3d at 839, quoting *Lauzon v. Senco Products, Inc.* 270 F.3d 681, 686 (8th Cir. 2001).

Subsequent cases have proposed additional factors, including, whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case. *Lauzon,* 270 F.3d at 686-87, *Polski*, 538 F.3d at 839.

Rule 702 is clearly a rule of admissibility rather than exclusion. *Lauzon v. Senco Products, Inc.* 270 F.3d 681, 686 (8th Cir. 2001). The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Lauzon* 270 F.3d at 686. With these standards in mind, we turn to the arguments of the parties.

**1. Dr. Micklow's Qualification**

Defendant  alleges that Dr. Micklow's testimony is barred because he is not qualified to render an opinion in the field of fall protection associated with such testimony. Plaintiff responds that Dr. Micklow's education and experience qualify him as an expert, and that any dispute regarding his qualifications "go to the weight of his testimony, not its admissibility."

First, the Court must address Plaintiff's proposed rule regarding expert qualification. As detailed above, district courts in the 8th circuit must determine whether a "proposed witness is qualified to assist the trier of fact" when screening testimony under Rule 702. Plaintiff, however, contends that disputes regarding qualifications go to the weight of testimony, rather than its admissibility. Plaintiff relies on *Robinson v. Geico Gen. Ins. Co.*, an Eighth Circuit case, for this contention. 447 F.3d 1096 (8th Cir. 2006).  In *Robinson*, the court declared: "Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Robinson v. Geico Gen. Ins. Co.,* 447 F.3d 1096, 1100-01 (8th Cir. 2006), quoting 29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6265 (1997). Yet this sweeping statement is tempered by the immediately following language : "However, Rule 702 does require that "the area of the witness's competence matches the subject matter of the witness's testimony."  *Robinson,* 447 F.3d at 1101, quoting Wright & Gold, § 6265. In the words of another Eighth Circuit case on expert testimony: "The real question is, what is he an expert about?" *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.,* 254 F.3d 706, 715 (8th Cir. 2001).

According to Plaintiff, Dr. Micklow is an expert about fall protection. The issue, then, is whether Dr. Micklow is qualified as a fall-protection expert by

"knowledge, skill, experience, training, or education,"; Plaintiff must make this showing by a preponderance of the evidence. *Lauzon* 270 F.3d at 686.

It is clear from Dr. Micklow's C.V. that he has no formal education or training in fall protection.  Rather, it appears that Dr. Micklow's primary area of academic expertise and training is mechanical engineering, with a focus on areas such as thermodynamics, computational fluid dynamics, combustion, propulsion, aerodynamics, and gas turbine engines, etc. Of course, as courts in the Eighth Circuit have held, academic training is not necessary for expert qualification; a person may qualify as an expert where he possesses sufficient knowledge obtained from practical experience. *Fox v. Dannenberg*, 906 F.2d 1253, 1256 (8th Cir. 1990).  Dr. Micklow has authored a pair of reports called "Engineering and Ergonomic Analysis Relating to Slips and Falls While Loading/Unloading Car Carriers", and "Injuries Related to Slips and Falls on Automobile Transport Carriers."

While Dr. Micklow's specific experience in slip and fall cases is not extensive, it does exist.  As Plaintiff argues, the issues raised by Defendant go to the weight to be given Dr. Micklow's testimony, rather than its admissibility.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cottrell, Inc.'s ("Defendant") Combined Motion to Bar Testimony of Gerald Micklow under Daubert and

Alternative Ground for Summary Judgment. [Doc. No. 40], is denied.

Dated this 7th day of February, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE