UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUTHER STANLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10CV1505 HEA |
| COTTRELL, INC., | ) ) ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cottrell, Inc.'s Motion for Summary Judgment, [Doc. No. 20]. Plaintiff opposed the motion, and Defendant has replied to Plaintiff's Opposition. Subsequently, Plaintiff supplemented his response, and Defendant responded in opposition.

## **Factual Background** [1]

Plaintiff brings this action for an alleged injury which occurred on September 26, 2008, in Fenton, Missouri. Plaintiff, an Allied car hauler, fell from a Cottrell trailer while unloading cars.

Plaintiff had worked for Allied since 1978. For eighteen years of his Allied career, his home terminal was in Fort Wayne, Indiana, where he has lived since 1999. For the three-and-a-half to four years before the injury, Plaintiff was based at

---

[1] The Court's recitation of the facts is drawn from the parties' statements of material facts [Doc Nos] filed in conjunction with the Defendants' motion for summary judgment and Plaintiff's motion in opposition.

the Allied terminal in Wentzville, Missouri. He was on the seniority list there. He frequently hauled loads between Missouri and Indiana.

Prior to the injury, Plaintiff bought his work shoes and non-skid paint for his truck in Indiana. The truck itself was a flat top rig manufactured by Cottrell, a Georgia corporation that does business with several Missouri companies. The Cottrell rig was maintained in both Missouri and Indiana, with its home terminal being the Wentzville, Missouri terminal. The first time Plaintiff operated a Cottrell rig, or any flat-top trailer, was when he began working out of Wentzville. Plaintiff had to use a flat-top trailer because of the vans there. There was a "bidding" process in which Plaintiff could theoretically choose a different truck, but his ability to actually do so is disputed by the parties.

On the day of the injury, Plaintiff's trip started in Indiana. He made one or two drops in Missouri before arriving at the dealership where the fall occurred. He had delivered cars there many times before. After the injury, Plaintiff's truck was picked up by a co-worker and returned to the Wentzville terminal. That day, Plaintiff was admitted to St. Anthony's Medical Center, in Missouri. He stayed there ten days, undergoing two surgeries and physical therapy. Thereafter, Plaintiff's medical treatment occurred in Indiana.

## Choice of Law

Before ruling on the merits of the summary judgment motion, it is necessary

to decide which state's law applies to the case. Defendant contends that Indiana law governs, while Plaintiff contends that Missouri law applies.

## Discussion

Defendant argues that Indiana law should apply, asserting that Indiana has the most significant relationship with the injury, which Defendant contends only fortuitously happened in Missouri. Plaintiff contends that Missouri law should apply, because Missouri was the location of the incident. Plaintiff argues that no other state has a more significant relationship.

Federal district courts sitting in diversity generally apply the choice-of-law rules of the forum state. *Global Petromarine v. G.T. Sales and Mfg., Inc*, 577 F.3d 839, 844 (8th Cir. 2009). Missouri's choice of law rules have evolved over the decades. Prior to the Missouri Supreme Court's 1969 decision in *Kennedy v. Dixon*, Missouri courts used the *lex loci delicti* rule, applying the law of the state where the tort occurred. *Kennedy v. Dixon*, 439 S.W.2d 173, 181 (Mo. 1964). In *Kennedy*, the Missouri Supreme Court abandoned that rule, embracing instead the significant relationship test of the Restatement (Second) of Conflicts of Law. *Kennedy v. Dixon*, 439 S.W.2d 173, 184 (1969), *Global Petromarine*, 577 F.3d at 844.

Section 145 of the Restatement establishes the general rule for all torts : that the rights and liabilities of the parties should be determined by the law of the state with the most significant relationship to the parties and the accident. Restatement §

145(1). The significant relationship test of Restatement §146 provides the rule for personal injury :

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in §6 to the occurrence and the parties, in which event the local law of the other state will be applied. Restatement § 146.

The test embodies a rebuttable presumption in favor of applying the law of the state where the injury occurred, absent an overriding interest of another state. *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1994) (explaining and applying Missouri choice-of-law rules). In deciding such an overriding interest exists, courts must evaluate the §6 factors, taking into account the contacts listed in §145 according to their relative importance to the issue. *Dorman*, 23 F.3d at 1358. Under § 145, the contacts to be taken into account are

> (a) the place where the injury occurred
> (b) the place where the conduct causing the injury occurred
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

Restatement § 145(2).

Under Missouri law, it is the quality of the contacts that matter, not their quantity. *Dorman*, 23 F.3d at 1359. If the determination of which state has the most

significant relationship is unclear, the trial court should apply the law of the place where the injury occurred. *Id.*

**The §145(2) Contacts Factors**

Defendant argues that these contacts favor Indiana, while Plaintiff asserts that they favor Missouri.

**The Place Where the Injury Occurred**

The injury undisputedly occurred in Missouri, favoring an application of Missouri law.

**The Location of the Conduct Causing the Injury**

The question of which conduct caused the injury clearly goes to the heart of this matter, and cannot be fully resolved at this stage of the litigation. However, from the allegations of both parties, it is clear that this factor also favors Missouri.

Plaintiff alleges that the Cottrell flat-top rig was defective, and this defect caused the injury; the truck was manufactured in Georgia. Defendant responded that Plaintiff assumed the risk of using the Cottrell flat-top rig; the use which immediately caused the injury took place in Missouri. While that trip originated in Indiana, Plaintiff's use of the Cottrell truck was linked exclusively with Missouri ( see *infra*). In fact, in its Memorandum in Support of Motion for Summary Judgment, Defendant highlights testimony in which Plaintiff explains his choice to stay in Missouri and use the Cottrell flat-top, rather than return to Fort Wayne and

use a "safer" truck. Because Plaintiff's use of the Cottrell rig – the product at issue - allegedly caused his injury, this factor favors Missouri.

Defendant also points out that Plaintiff bought his work shoes and non-skid paint in Indiana. While these purchases may have somewhat contributed his injury, they are outweighed by the more alleged substantial causes listed above. As such, this factor weighs in favor of the application of Missouri law.

**The Domicile, Residence, Nationality, Place of Incorporation and Place of Business of the Parties**

This factor is largely equivocal. At the time of the accident, Plaintiff lived in Indiana, but had been permanently based out of a Missouri terminal for the past three and a half to four years. Cottrell was and is a Georgia corporation with its principal place of business in Georgia, though it does business with several Missouri companies.

**The Place Where the Relationship Between the Parties is Centered**

This factor favors application of Missouri law, since Plaintiff's use of the Cottrell rig was uniquely tied to Missouri. At the time of the accident, Plaintiff was based out of the Missouri terminal – the home terminal of the Cottrell rig. Plaintiff had never used a Cottrell rig, or any flat-top rig, before his move to the Missouri terminal. Plaintiff had to use a flat-top rig at the Missouri terminal because of the

vans there. He could have changed his base to Indiana and used a different rig there, but instead he chose to stay in Missouri and continue to use the Cottrell rig.

**B. The Restatement § 6 Factors**

In light of these contacts, which favor the application of Missouri law, the Restatement § 6 conflicts factors must also be considered. A detailed analysis of each of the conflicts factors is unnecessary in this action; as stated in *Dorman v. Emerson*, factors (a), (d), and (f) are not usually implicated in personal injury accident cases. *Dorman,* 23 F.3d at 1359. Factor (g), the ease in application of the law to be applied, favors Missouri, as this court sits in that state. Looking to the remaining factors which evaluate the underlying policies of the forums and laws at issue, Defendant cites nothing which overrides the presumption in favor of the application of Missouri law, especially when considering the contacts above.

**C. Fortuity**

The analysis above shows that Missouri has the most significant relationship with the injury. Defendant, however, claims that the injury's location in Missouri was merely fortuitous. According to *Dorman ,*"the place of the injury is unimportant to the selection of the applicable law if it is fortuitous in that it bears little relation to the occurrence and the parties." *Dorman* 23 F.3d at 1360. Defendant bases its claim of fortuity on the following testimony:

**Q.** Did being in Missouri that day have anything to do with your incident?

>   **A.** No.
>   **Q.** Is it the type of accident that you believe could have happened in any state in the union?
>   **A.** I imagine, yes.
>   **Q.** What I'm trying to figure out is; was there something about the weather, was there something about the dealership, was there something about being in the State of Missouri that day?
>   **A.** No, there was not. As far as I remember, it was a beautiful day.

While it is true that the injury could have theoretically happened elsewhere, the Plaintiff's ability to "imagine" as much does not make its location fortuitous. Without waxing too philosophical, every injury could *hypothetically* happen elsewhere, if the facts were changed. This injury *actually* happened in Missouri, because of the actions taken above : primarily, Plaintiff's decision to work from a Missouri terminal which required his use of a Cottrell flat-top rig, and his frequent trips to Missouri dealerships with the allegedly unsafe rig.

After application of Missouri's choice-of-law rules, it is clear that no state has a more significant relationship to the conflict than Missouri. The presumption in favor of Missouri law therefore remains. Accordingly, the Court will apply Missouri law.

Having held that Missouri law governs, rather than Indiana law, the Court now turns to the motion itself. Defendant contends that summary judgment under Missouri law should be granted on two grounds: assumption of risk, and lack of causation evidence.

## Summary Judgment Standard

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v.. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.' " *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); " 'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir.2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

    To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' " *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995)(quotations omitted). *Putman v. Unity Health Sys.,* 348 F.3d 732, 733–34 (8th Cir.2003). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Assocs. v. Jung* 422 F.3d 630, 638 (8th Cir.2005) Summary judgment is proper if a plaintiff fails to establish any element of the prima facie case. *Nesser v. Trans World Airlines, Inc.,* 160 F.3d 442, 444 (8th Cir.1998) (citing *Weber v. American Express Co.,* 994 F.2d 513, 515–16)). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own

conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526–27(8th Cir.2007). Summary judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kan. City Mo. Sch.Dist.,* 437 F.3d 797, 801 (8th Cir.2006).

### **Assumption of Risk; Open and Obvious Danger**

Defendant contends that summary judgment is proper because Plaintiff assumed the risk of using a truck with unprotected sides. Defendant further argues that recovery is barred because the risk was open and obvious. Plaintiff asserts that neither of these arguments are appropriate grounds for summary judgment in Missouri, where the doctrine of comparative fault applies to product liability cases.

This court finds that, on the issue of assumption of risk and the openness and obviousness of the danger, Defendant has failed to carry its burden of showing both the absence of material fact and the right to judgment as a matter of law.

### A. Material Issues of Fact Remain

"The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial." *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006)

(quoting Fed. R. Civ. P. 56(e)).  Only disputes over facts that might affect "the outcome of the suit under the governing law" will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, *Inc.* 477 U.S. 242, 248 (1986).

Here, Plaintiff has set forth several facts showing that there is a genuine issue of fact for trial. Defendant states that Plaintiff "had the option of choosing to use a trailer with high sides but chose the flat top rig," and emphasizes that it was Plaintiff's own choice to use the rig which lacked fall protection.  Thus, Defendant concludes, assumption of risk is proper under Missouri law.   Plaintiff disagrees, citing deposition testimony to contend that his choice was to use the trailer or lose his job, and that safer rigs were unavailable. Related questions arise as to whether the Plaintiff could have switched trucks during the "bidding" process.  Plaintiff's degree of choice in relation to his use of the rig at issue, hotly disputed by the parties, is material as to whether he "assumed the risk" of doing so. As such, material issues of fact remain and this issue is unfit for summary judgment.

B. Judgment as a Matter of Law is Not Appropriate

Furthermore, even if there were no disputed issues of material fact, Defendant has not shown that he is entitled to judgment as a matter of law.

Defendant contends that assumption of risk is a complete defense in Missouri product liability cases. However, this has not been the case in Missouri the 1987 passage of Mo. Rev. Stat § 537.765.  This statute abolished contributory

fault as a complete bar to plaintiff's recovery in a products liability claim, and replaced it with pure comparative fault : "Contributory fault, as a complete bar to plaintiff's recovery, is abolished. The doctrine of pure comparative fault shall apply to products liability claims as provided in this section." Mo. Rev. Stat. 537.765.

Assumption of risk is included in this state as an element of comparative fault. The plaintiff's knowledge of a danger is one of the enumerated items of fault to be compared in a products liability case; § 537.765(3) lists "Use of the product with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger." This subsection generally constitutes the defense of assumption of risk. *Egelhoff v. Holt*, 875 S.W.2d 543, 548. As such, assumption of risk is not a complete defense in Missouri product liability cases. While Defendant tries to avoid this fact by citing cases decided prior to the passage of the 1987 statute, and a case applying Illinois law, its efforts to distract this court from the clear language of the statute are unsuccessful.

Defendant also states that summary judgment should be granted because of the open and obvious nature of the danger, citing *Sandage v. Cottrell*, 177 F.3d 670, 673 (8th Cir. 1999.) In that case, the court overturned a jury verdict for the plaintiff, a car hauler. *Sandage*, 177 F.3d at 673. The plaintiff was injured when he

parked a car next to a post, leaving about six inches for egress, and chose to exit the vehicle anyway, twisting his back in the process. *Sandage*, 177 F.3d at 673. The *Sandage* court declared that the danger of the door hitting a post and leaving little room to exit was too obvious to be submitted to a jury, and noted that the plaintiff had discretion to move the car, but chose to exit the vehicle anyway through the obviously inadequate opening. *Id.* at 674. But here, the facts are less extreme; where the *Sandage* plaintiff, as the court notes repeatedly, *chose* to exit the car, the plaintiff here did not choose to fall off the truck. *Sandage* is too dissimilar to require a finding of summary judgment. The alleged open and obviousness of the danger should be left to the factfinder to decide.

## Lack of Proximate Cause

Defendant further contends that summary judgment is proper because plaintiff cannot establish causation in fact or proximate cause. Plaintiff responds that he has sufficient evidence regarding proximate cause, citing his own testimony and that of his expert.

## Material Issues of Fact Remain

As stated above, summary judgment is only appropriate when there are no material issues of fact. Here, issues of fact exist which go to the question at the heart of the litigation; namely, why the plaintiff fell. For instance, the parties disagree about the location of Plaintiff's hands when he fell, and the effect of their

placement. Defendant contends that Plaintiff fell because he didn't keep his hand on the truck.  Plaintiff responds that his testimony indicated that he only removed his hands from the truck after he started falling to the ground.  Defendant also contends that Plaintiff did not know where his hands were, and thus could not prove causation, while Plaintiff contends that he had his right hand on the truck and was reaching for the door handle with his left hand. Keeping in mind that when considering a summary judgment motions, courts are not to "attempt to discern the truth of any factual issue." *Copeland v. Locke,* 613 F.3d 875, 879 (8th Cir. 2010), this court will leave the critical factual question of where Plaintiff's hands were to the fact-finder. As such, summary judgment is precluded.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 20], is denied.

Dated this 7th day of February, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE