UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LUTHER STANLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV1505 HEA |
| COTTRELL, INC., | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for New Trial, [Doc. No. 217], Defendant's Motion for Bill of Costs, [Doc. No. 216] and Defendant's Motion to Strike Plaintiff's New Arguments and Evidence in Support of Plaintiff's Motion for New Trial, [Doc. No. 233]. For the reasons set forth below, the Motion for New Trial is denied. Defendant's Motion for Bill of Costs is granted. Defendant's Motion to Strike is denied as moot.

**New Trial**

Plaintiff requests that the Court grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59(a) provides: "The court may, on motion, grant a new trial on all or some of the issues—and to any party—... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court...." Fed.R.Civ.P. 59(a)(1)(A). Rule 59(a) has been explained

as follows:

> In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice."

*McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir.1994). A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992). However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. Fed.R.Civ.P. 61. "Each case must be reviewed within the framework of its distinctive facts." *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 922 (8th Cir.1986) (citing *Hollins v. Powell*, 773 F.2d 191, 197 (8th Cir.1985)).

"In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir.1992) (citing *White*, 961 F.2d at 780). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.' " *White*, 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist.*, 712 F.2d 339, 344 (8th Cir.1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has

occurred." *King*, 980 F.2d at 1237. "The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon*, Inc., 449 U.S. 33, 36 (1980).

Plaintiff argues that he should be granted a new trial because he claims Defendant's counsel elicited verifiably false testimony from its expert. This argument is without merit in that the expert's testimony was indeed consistent with his deposition testimony regarding the maximum width of the rig.

Plaintiff also argues that Instruction 18 was improper. Plaintiff made no objection during the instruction conference. "To preserve alleged errors in the jury instructions, a party must make a specific objection that distinctly states the matter objected to and the grounds for the objection." *Lopez v. Tyson Foods, Inc*., 690 F.3d 869, 875 -876 (8th Cir. 2012).

Moreover, the instruction correctly states the law with regard to Plaintiff's negligence claim based on product defect. As Defendant argues, the instruction was given immediately after Plaintiff's negligence claim based on product defect and repeats the elements of the verdict director for Plaintiff's negligence claim based on product defect. This basis for new trial is therefore overruled.

Plaintiff has not provided sufficient reasons to support his request for a new trial. Therefore, the motion for new trial will be denied.

**Bill of Costs**

Plaintiff objects to the bill of costs based on his motion for new trial. Because the new trial motion is denied, these objections are overruled as moot.

a. Fees for Service of Process: With respect to the specific item objections, Defendant concedes Plaintiff's objection to the cost of private process servers. Defendant has abandoned its request for these fees.

b. Transcript and Video Costs. The applicable Eighth Circuit law allows transcripts and video costs:

> While the applicable iteration of § 1920 does not specifically authorize video-deposition costs, Federal Rule of Civil Procedure 30(b)(3)(A) authorizes video depositions as an alternative to traditional stenographic depositions, which § 1920 does authorize. See 28 U.S.C. § 1920 (2006); Fed.R.Civ.P. 30 ("Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means.").
>
> Several other circuits have held that expenses associated with video depositions are recoverable. *See Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 701 (7th Cir.2008) (per curiam) (stating that courts may tax video-deposition expenses as costs under § 1920); see also *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir.1997). ("[W]e hold section 1920(2) implicitly permits taxation of the costs of video depositions."); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir.1996) ( "[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time ... it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."); see also 28 U.S.C.A. § 1920(2) (2008) ("A judge or clerk ... may tax as costs ... [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.").
>
> We agree with our sister circuits that the costs of video depositions

are included under § 1920.

*Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897 (8th Cir. 2009). The transcripts will be taxed as costs.

    c. Witness fees: witness fees are taxable costs. They will be allowed

    d. Copy costs: Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §1920(4). Copy costs will be allowed.

    Accordingly,

    **IT IS HEREBY ORDERED** that Defendant's Motion for Bill of Costs is granted.

    **IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Defendant in the amount of $11,171.92.[1]

    Dated this 10th day of February, 2014.

                                   _____
                                     HENRY EDWARD AUTREY
                                   UNITED STATES DISTRICT JUDGE

---

[1] This amount reflects a reduction of $1,282.50 by reason of Defendant's abandonment of Service of summons and subpoena fees.